IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RICKEY L. SCOTT**                                                                             **PETITIONER**

v.                                          **Case No. 5:04-cv-00082-KGB**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                        **RESPONDENT**

**ORDER**

In March 2004, petitioner Rickey L. Scott commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction for capital murder in the Circuit Court of Cross County, Arkansas, for which he is serving a term of life imprisonment without parole. The Court dismissed Mr. Scott's petition after addressing the merits of his claim of ineffective assistance of appellate counsel and some of his claims of ineffective assistance of trial counsel, finding the other claims procedurally defaulted, and finding that Mr. Scott's claims of actual innocence did not satisfy the standard under *Schulp v. Delo*, 523 U.S. 298 (1995) (Dkt. Nos. 28, 33). The Court entered judgment on the dismissal on December 6, 2005 (Dkt. No. 34).

Mr. Scott now brings his motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 48). Respondent Ray Hobbs has responded (Dkt. No. 56), and Mr. Scott has replied (Dkt. No. 57). The Court denies Mr. Scott's motion (Dkt. No. 48).

The Eighth Circuit has instructed district courts, when addressing purported Rule 60(b) motions following the dismissal of habeas petitions, to determine whether the allegations in the motion amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or 28 U.S.C. § 2254. *See Boyd v. United States,* 304 F.3d 813, 814 (8th Cir.2002). If it is determined that the motion is actually a second or successive habeas petition, it should be dismissed for

failure to obtain authorization from the Court of Appeals as required by 28 U.S.C § 2244(b)(3)(A) or the district court may, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals.

A Rule 60(b) motion is a second or successive habeas corpus application if it contains a "claim." *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). For these purposes, "claim is defined as an 'asserted federal basis for relief from a state court's judgment of conviction' or as an attack on the 'federal court's previous resolution of the claim *on the merits*.'" *Ward*, 577 F.3d at 933 (quoting *Gonzalez,* 545 U.S. at 530, 532). On the other hand, no claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. Likewise, a motion does not attack a federal court's determination "on the merits" if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4; *Ward*, 577 F.3d at 933.

Mr. Scott's primary request for relief is his challenge to the Court's determination that certain of his claims were procedurally defaulted, relying on the Supreme Court's recent decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Prior to *Martinez*, the Court held in *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991), that ineffective assistance of counsel in a state post-conviction proceeding does not provide cause to excuse procedural default. In *Martinez*, the Court created "a narrow exception" to the *Coleman* rule, holding that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1315, 1320. In *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the Supreme Court held that this exception

also applies where "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Id*. at 1921. *See also Sasser v. Hobbs*, 735 F.3d 853 (8th Cir. 2013) (finding that Arkansas's post-conviction appeal process does not, "as a systematic matter," afford indigent defendants a "meaningful review of a claim of ineffective assistance of trial counsel" on direct appeal (quoting *Trevino,* 133 S.Ct. at 1919)).

To the extent Mr. Scott challenges under *Martinez* and *Trevino* the Court's previous determination that certain of his claims of ineffective assistance were procedurally defaulted, his Rule 60(b)(6) motion is not a successive habeas petition. *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012); *DeJournett v. Luebbers*, No. 4:01-CV-1341 CEJ, 2014 WL 81837, at *2 (E.D. Mo. Jan. 9, 2014). However, this Court follows the many other courts that have considered the matter and determines that the rule announced in *Martinez* and *Trevino* does not provide a basis for relief under Rule 60(b)(6).

To warrant relief from a judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure, the motion must demonstrate "extraordinary circumstances." *Gonzalez,* 545 U.S. at 535. "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance." *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999); *see Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000). Notably, in *Gonzalez*, the Supreme Court found that a change in decisional law regarding the statute of limitations under the Antiterrorism and Effective Death Penalty Act did not constitute extraordinary circumstances under Rule 60(b)(6). 545 U.S. at 536-37.

Although the Eighth Circuit has not yet addressed this issue, numerous other courts have found that the new rule on procedural default under *Martinez* and *Trevino* does not constitute extraordinary circumstances. *See Cooper v. Bell*, No. 1:03-CV-276, 2014 WL 1366517, at *5 (E.D. Tenn. Apr. 7, 2014) (collecting cases); *Ferguson v. Hobbs*, No. 5:11CV00267-SWW-JJV, 2013 WL 4431294, at *2 & n.2 (E.D. Ark. Aug. 16, 2013) (agreeing with "numerous other courts" that the *Martinez* rule does not constitute extraordinary grounds under Rule 60(b)(6)); *see also Hill v. Hobbs*, No. 5:13-cv-00015-JLH, slip op. at 3 (E.D. Ark. June 6, 2014) ("In view of the overwhelming authority holding that the new rule announced in *Martinez* and *Trevino* does not justify relief under Rule 60(b)(6), Hill's motion must be denied."). This Court agrees.

Other than his arguments based on *Martinez* and *Trevino*, Mr. Scott contends that he has presented new evidence on his claim of actual innocence, and he attempts to reargue claims that the Court addressed on the merits. Mr. Scott's motion for Rule 60(b)(6) relief based on these arguments constitutes a successive habeas petition. *See Gonzalez*, 545 U.S. at 530-31. Accordingly, to the extent his motion seeks Rule 60(b)(6) relief other than as to the Court's previous determinations as to his defaulted claims, Mr. Scott's motion is denied as a successive petition that was filed without authorization from the Eighth Circuit Court of Appeals.

*       *       *

Mr. Scott's motion for relief from judgment pursuant to Rule 60(b)(6) is denied (Dkt. No. 48). All other pending motions are denied as moot.

SO ORDERED this the 25th day of July, 2014.

_____
Kristine G. Baker
United States District Judge