IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RICKY L. SCOTT**                                                                                       **PETITIONER**

v.                                            Case No. 5:04-cv-00082-KGB

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                               **RESPONDENT**

## ORDER

On December 6, 2005, the Court entered judgment dismissing with prejudice petitioner Ricky L. Scott's petition for writ of *habeas corpus* (Dkt. No. 34). Before the Court is Mr. Scott's motion to reopen his case pursuant to Federal Rule of Civil Procedure 60(b)(6) (Dkt. No. 81). The Court denies Mr. Scott's motion (Dkt. No. 81). Also before the Court are Mr. Scott's motion to proceed *in forma pauperis*, motion for appointment of counsel, request to add additional extraordinary circumstances, and motion for status update (Dkt. No. 80, 82, 83, 84). The Court denies Mr. Scott's motion to proceed *in forma pauperis*, motion for appointment of counsel, and request to add additional extraordinary circumstances (Dkt. Nos. 80, 82, 83). The Court grants Mr. Scott's motion for status update (Dkt. No. 84).

Mr. Scott appealed his 2005 judgment, and the Eighth Circuit Court of Appeals denied a certificate of appealability (Dkt. No. 46). Mr. Scott then filed a first motion for relief from judgment with this Court (Dkt. No. 48). The Court denied that motion (Dkt. No. 58). Mr. Scott then appealed to the Eighth Circuit Court of Appeals the denial of his first motion for relief from judgment, and the Eighth Circuit again denied a certificate of appealability and dismissed the appeal (Dkt. No. 66).

Mr. Scott filed a second motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) specifically seeking "review of grounds previously raised that were not decided

on the merits because of a finding of procedural default, which has recently been changed by the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)" (Dkt. No. 68, at 2). The Court denied that motion (Dkt. No. 70). Mr. Scott appealed to the Eighth Circuit Court of Appeals the denial of his second motion for relief from judgment, and the Eighth Circuit again denied his application for a certificate of appealability and dismissed the appeal (Dkt. No. 76).

Federal Rule of Civil Procedure 60(c) provides that a "motion under Rule 60(b) must be made within a reasonable time." "'What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion.'" *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004) (quoting *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999), *cert. denied,* 528 U.S. 928 (1999)). Mr. Scott has already filed two motions for relief from judgment that were denied. Now, over 18 years after judgment was entered against him, he has filed a third motion. As in his second motion, Mr. Scott relies on *Martinez v. Ryan*, as a basis for relief which was decided twelve years ago. 132 S. Ct. 1309 (2012). Mr. Scott also relies on a *Trevino v. Thaler*–a case that was decided more than ten years ago. 133 S.Ct. 1911 (2013). The Court determined that Mr. Scott's delay in filing his second motion was not reasonable, and his delay in filing his third motion is even more unreasonable. *Middleton*, 388 F.3d at 617 (finding that a three-year delay was not reasonable for the purposes of Rule 60(c)). Therefore, Mr. Scott's third motion for relief from judgment, which he characterizes as a motion to reopen his case, is denied (Dkt. No. 81).

Having determined that Mr. Scott's third motion to reopen his case was not made within a reasonable time, the Court denies Mr. Scott's request to add additional "extraordinary circumstances" to justify re-opening of Rule 60(b)(6) proceedings (Dkt. No. 83).

To the extent Mr. Scott intends for this Court to consider his motion to reopen as a successive or second petition for writ of *habeas corpus* under 28 U.S.C. § 2254, the Court dismisses the request without prejudice so that Mr. Scott may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition if he opts to do so.

Also before the Court are Mr. Scott's motions for leave to proceed *in forma pauperis* and for appointment of counsel (Dkt. Nos. 80, 82). As the Court explained, the Court previously dismissed Mr. Scott's petition for writ of *habeas corpus* and determined that no certificate of appealability would issue. Because the Court has declined to issue a certificate of appealability, the motion to proceed *in forma pauperis* is denied. 28 U.S.C. § 2253. Mr. Scott may refile the motion with the United States Court of Appeals for the Eighth Circuit consistent with Federal Rule of Appellate Procedure 24(a). Because the Court declines to reopen Mr. Scott's case, the Court denies as moot Mr. Scott's motion for appointment of counsel (Dkt. No. 82).

The Court grants Mr. Scott's motion for status update (Dkt. No. 84). The Clerk of the Court is directed to mail Mr. Scott a copy of the docket sheet along with a copy of this Order.

So ordered this the 3rd day of September, 2024.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge